## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C. RICHTER TAYLOR, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **2:07cv724** |
| ) | **Electronic Filing** |
| UNUM LIFE INSURANCE COMPANY OF ) | |
| AMERICA and BUCHANAN INGERSOLL, ) | |
| P.C. WELFARE BENEFITS PLAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 11th day of January, 2008, upon due consideration of defendants UNUM Life Insurance Company of America and Buchanan Ingersoll, P.C. Welfare Benefits Plan's Motion to Dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted. The Magistrate Judge's Report and Recommendation as augmented herein is adopted as the opinion of the court.

Defendants contend that plaintiff timely failed to file suit under the ERISA plan's limitation of suit provision. Plaintiff takes the position that the provisions limiting the time to submit a claim and commence suit are ambiguous because plaintiff was not aware he had a claim under the plan until years after his coverage ended, and he tendered the claim "as soon as it [was] reasonably possible to do so." Defendants maintain that the provisions of the plan unequivocally bar plaintiff's claim.

A contractual provision may validly limit the time for commencing an action to a period shorter than that proscribed by a general statute of limitations applicable to claims brought pursuant to ERISA, provided the shorter period of time is itself reasonable and consistent with the general aims of the statute. See Clark v. NBD Bank, N.A., 3 Fed. Appx. 500, 503-04 (6th Cir. 2001) ("The district court adhered to the majority of cases that have followed the general principles of contract law and have upheld the contractual limitations period if they are

reasonable.") (collecting cases in support). Plaintiff does not challenge the validity of the contractual limitation of suit provision as setting an unreasonable period within which to perfect a claim under the plan. Instead, he maintains that the provisions governing notice, proof of claim and the commencement of suit are "shifting, or apparent, or self-referential deadlines" that interject ambiguity into the plan and produce an absurd result under the circumstances.

Plaintiff's attempt to interject ambiguity into the limitation of suit clause is unavailing. Plaintiff did not "discover" his disability until twelve years after the day he was last covered under the plan. Until he obtained a diagnosis of bipolar disorder with frontal lobe dysfunction and sleep apnea, plaintiff apparently did not understand the severity of his condition nor consider it severe enough to warrant the presentation of a claim under the plan. After his condition deteriorated to the point where inpatient treatment was needed and a diagnosis was made, he presented a claim at the earliest time that it was possible to do so. Under such circumstances the claim assertedly must be viewed as timely submitted.

The difficulty with this position is two fold. First, the provision of the policy upon which plaintiff relies does not create an open-ended suspension of all time limits for notice and proof of claim. It operates as a reasonable limitation on claims that were impossible to present during the generally proscribed period, which is no later than 90 days after the end of the elimination period. For such claims, notice and proof of claim "must be given as soon as reasonably possible." But this provision for proof of claim cannot be read as creating an unlimited period for presenting such claims. To the contrary, the plan places a one year limitation on the presentation of such claims. See Plan at "NOTICE AND PROOF OF CLAIM" at 2(b) ( "But proof of claim *may not be given* later than one year after the time proof is *otherwise* required.") (emphasis added). Thus, the plan straightforwardly limits the presentation of all claims for which proof of claim could not timely be given to one year after proof was otherwise required. Plaintiff's claim therefore cannot be viewed as being exempt from this limitation/one year

extension.[1]

Second, plaintiff's interpretation of the provision governing proof of claim would introduce ambiguity into what is otherwise a clear and straightforward provision that defines the outer limits of the presentation of notice and proof of claim. Under plaintiff's approach, a claim could be made for disability based on a deteriorating impairment that only surfaced decades after an individual was last employed or otherwise covered under the plan. Such an approach would extend potential liability under the plan far beyond what could actuarially be anticipated and is contrary to any notion of what a reasonable person would have intended to accomplish by incorporating such language into the instrument. The rules governing this court's review of such matters will not support such an approach and as a consequence plaintiff's interpretation of the proof of claim/limitation of suit provisions cannot be countenanced as a matter of law.

Where proof of claim is presented beyond the unequivocal one year extension for claims that cannot be presented in a timely manner, the proffer is barred by the unambiguous contractual language governing the time period for proof of claim. Any suit filed over three years after proof of claim was required is barred under the limitation of suit provision. Plaintiff's proof of claim was submitted over twelve years after it was otherwise required. This lawsuit was commenced over 151 months after the end of the filing period permitted under the limitation of suit provision. No ambiguity exists in any of the plan provisions referenced by plaintiff. Consequently, plaintiff's cause of action is barred by the limitation period created by the unambiguous language

---

[1]There is no question that plaintiff must have had a disability that existed when he was last covered under the policy, which was the last date he was employed, December 31, 1989. It is undisputed that the elimination period was 180 days. Thus, plaintiff had 270 days from January 1, 1990, to present his claim in a timely manner. Because plaintiff was unaware of his claim and could not have timely presented it, he had an additional year to present the claim, i.e., until September 30, 1991. It is undisputed that plaintiff did not give notice or proof of claim until November 14, 2003, over twelve years after the final date the proof of claim could have been timely submitted.

3

of the plan and must be dismissed as a matter of law.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Honorable Robert C. Mitchell
United States Magistrate Judge

Andrew J. Muha, Esquire
Reed Smith
435 Sixth Avenue
Pittsburgh, PA 15219-1886

Scott Michael Hare, Esquire
Bartony & Hare
429 Fourth Avenue
Suite 1801, Law & Finance Building
Pittsburgh, PA 15219

William James Rogers, Esquire
Thomson, Rhodes & Cowie
1010 Two Chatham Center
Pittsburgh, PA 15219